EGGLESTON and another *v.* CENTENNIAL MUTUAL LIFE ASS'N OF BURLINGTON, IOWA.[1]

*(Circuit Court, E. D. Missouri.* September 21, 1883.

1. INSURANCE—MUTUAL ASSOCIATION POLICY—HOW ENFORCED—PRACTICE.

Where a policy of insurance issued by a mutual association does not fix upon the association an absolute liability to pay any particular sum, but only a liability to pay the proceeds of a particular assessment to be levied in a particular way, not to exceed a certain sum, and further provides that the association shall only be liable in a proceeding to compel it to make the assessment, an action at law to recover the maximum amount named in the policy cannot be maintained.

2. SAME.

The only remedy in case of the assured's death is by a proceeding in chancery to compel a specific performance.

At Law.

*Geo. D. Reynolds,* for plaintiffs.

*Davis & Davis* and *Newman & Blake,* for defendant.

McCRARY, J., *(orally.)* This case is before the court on demurrer to the petition. It is a suit on a policy of insurance issued to him by the defendant, which is a mutual insurance company. The policy provides that in case of the death of the assured the company will proceed to make certain assessments upon the policy-holders for the purpose of paying the loss. The amount of the loss to be paid is not absolutely fixed by the provisions of the policy; it provides for a certain mode of assessment upon the policy-holders in case of the death of a member, and for the payment of the proceeds of said assessment, not exceeding $5,000 in this case, to the beneficiaries of the insured. The policy also contains, among other conditions, the following:

"The only action maintainable upon this policy shall be to compel the association to levy the assessments herein agreed upon, and if a levy is ordered by the court, the association shall be liable under this policy only for the sum collected under an assessment so made."

The question is whether that is a valid provision of this contract of insurance, because, this being an action at law, it cannot be maintained unless that provision of the policy is set aside. This is an action to recover $5,000, which is claimed as due upon the policy.

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

1 would not be willing to say that no action at law can be founded upon a policy of this character. Facts and circumstances might arise under which the beneficiaries could bring a suit at law upon the policy, but I am unable to see any sufficient reason for holding that such a contract as this is absolutely null and void. It is not a contract which confers a right and denies a remedy, (such a contract might well be held to be contrary to public policy,) but it is a contract which confers certain rights upon the policy-holder, and in which the parties agree that the remedy shall be by a proceeding to compel the levy of the assessment, and not by an action at law to recover damages. If the policy provided in clear terms that the beneficiaries shall, in case of death, receive a particular sum, to be recovered by assessment, or to be paid by the company after making an assessment, if the company had refused to make an assessment, I am inclined to the opinion that an action at law might be maintained, especially if there was no provision in the policy itself forbidding it. But since the policy here does not fix upon the company an absolute liability to pay any particular sum, but only a liability to pay the proceeds of a particular assessment, to be levied in a particular way; and since it further provides that the company shall only be liable in a proceeding to compel it to make the assessment,— we are of the opinion that an action at law cannot, at least in the first instance, be maintained. However inequitable such a contract may be, it is undoubtedly within the power of the parties to enter into it, and therefore we think that the only remedy, according to the practice of this court, and under the terms of the policy, is by a proceeding in chancery to compel a specific performance. The demurrer to the petition must, therefore, be sustained, but the plaintiffs may, if they choose, have leave to file a bill to compel the assessment in accordance with the contract.