# CASES

| 23 | 341 |
|----|-----|
| 78 | 653 |

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—FEBRUARY TERM, 1887.

## THE ABE LINCOLN MUTUAL LIFE AND ACCIDENT SOCIETY

### v.

## FRANK MILLER ET AL.

*Life Insurance—Mutual Benefit Associations—Action of Debt—Parties—Forfeiture—Defective Declaration.*

1. An action of debt lies by the beneficiaries named in a certificate of membership in a mutual benefit association to recover the death benefit thereby secured.

2. In the case presented, it is *held:* That the certificate was not forfeited by a failure to pay an assessment made by the society which the defendant succeeded; and that the declaration is fatally defective in not containing proper averments touching the amount due the plaintiffs.

[Opinion filed June 7, 1887.]

IN ERROR to the Circuit Court of Johnson County; the Hon. OLIVER A. HARKER, Judge, presiding.

Messrs. MULKEY & LEEK, for plaintiff in error.

Mr. A. K. VICKERS, for defendants in error.

(341)

GREEN, J.    This was an action in debt brought by the children of Fountain Miller (defendants in error) to recover a death benefit on a certificate of membership, issued to their father by plaintiff in error.    Plaintiff in error was the successor of the " Widows and Orphans' Mutual Aid Society," a mutual association not for pecuniary profit, organized under the statute in force prior to 1883.    Miller became a member of this society July 15, 1882, and retained such membership until December 28, 1883, on which day plaintiff in error, under the statute of 1883, organized as a mutual association for the purpose of furnishing pecuniary benefits to the widows, heirs, relations, devisees, or legatees of deceased members by levying assessments upon surviving members, and was organized for the express purpose of becoming successor of " The Widows and Orphans' Mutual Aid Society."

By a resolution adopted by the new organization, members of the old society on surrender of their old certificates, received in lieu thereof, certificates of membership issued by said successor, and said resolution further provided, " *all assessments made by the old society on its members, not due at the time of transfer of the member from the old to the new organization, should become due and payable to the latter on the day they would have become due and payable to the former society had the member not been transferred therefrom.*"    On December 28, 1883, Miller surrendered his old certificate, and received and accepted in lieu thereof from plaintiff in error the certificate of membership upon which this suit was brought and became a member of the new organization by virtue of and subject to the terms of the resolution above mentioned; he had before then, while a member of the old society, been assessed by it $5 to meet a death loss, and this assessment became due and payable March 1, 1884.    Plaintiff in error by its certificate issued to Miller agrees, in consideration of representations made in the application and of the membership fee paid, and the further stipulations and assessments as per constitution and by-laws of the society to be complied with by Miller, to pay or cause to be paid *to his children*, if living, if not, to his legal heirs, sixty days from approval of satisfactory

The Abe Lincoln Mutual Life and Accident Society v. Miller.

evidence of death of member and proof of interest, whatever may be collected on account of this certificate according to the constitution, not exceeding the following sums: "Should death occur within one year from date of certificate issued by the Widows and Orphans' Mutual Aid Society dated July 15, 1882, in lieu of which this is issued, $250; if during the second year, $500; if during the third year, $750. Should death occur after three years from the date of certificate, $1,000, less amounts due society from the member on account of this certificate. A failure to pay at the home office, *any assessments made by the society* within the prescribed time shall work a forfeiture of this certificate, and the party can only be re-instated on terms as set forth in the by-laws." The foregoing is all of the certificate necessary to be stated.

Plaintiffs below, in their declaration, aver the organization and existence of defendant on December 28, 1883; that it was then engaged in furnishing to a class of persons a death benefit, to be paid by it to beneficiaries named in the certificate issued by it to each person possessing certain qualifications of physical health, and within a certain age, as provided by the rules of the defendant, upon the applicant complying with the rules and by-laws in relation to the payment of dues, assessments, etc.; that on said day Fountain Miller, father of the plaintiffs, applied to defendant for admission, complied with all the rules of the defendant, and was then and there received into the relation of member of said society, and defendant then and there executed its certain writing obligatory, signed by its president and attested by its secretary, under its corporate seal, which said writing is hereto attached, *marked Exhibit "A," referred to* for the purpose of exhibiting its true import; that by said writing obligatory, defendant agreed and faithfully undertook to pay to the children of said Fountain Miller the sum of money *mentioned in said writing* obligatory, sixty days after receiving satisfactory evidence of the death of said Fountain Miller and proof of interest upon the conditions and regulations of said society being complied with by him in his lifetime, and avers compliance by him with all the conditions required of him either in said writing obligatory, or the rules and by-laws of

defendant necessary or material to be complied with to entitle plaintiffs to recover *said sum* of money. Also aver (rather obscurely) death of Fountain Miller March 31, 1884, and proof of that fact submitted to defendant within sixty days of date of death; that "by force of the said writing obligatory, and the facts above," a right of action accrued to plaintiffs to demand *said sum of money* of said defendant, which said sum is due and wholly unpaid. The *ad damnum* is $1,000.

To this declaration defendant pleaded *non est factum* and special plea in bar. Issue was joined on the first, and a general demurrer was sustained to the plea in bar. There was a trial by jury, verdict for plaintiffs, $1,000 debt, $500 damages; on which verdict the court rendered judgment for plaintiffs for the amounts so found, and costs, to reverse which judgment defendant below sued out this writ of error, and here insists, as grounds for reversal, upon the following points:

1st. That plaintiffs below had no legal right of action and could not, at law, maintain this suit, and that debt will not lie in this case upon the certificate to recover the death benefit.

2d. That the demurrer to second plea was improperly sustained; and lastly, said declaration is so defective, that if all the evidence which the court could have lawfully admitted in support of the averments contained therein was introduced on the trial, yet even then the verdict and judgment had nothing to support them. The first contention is based upon the rule that the party only who is entitled legally to the damages arising from a breach of a contract, may maintain an action at law to recover such damages. Conceding such to be the rule, the children of Fountain Miller were proper parties plaintiff, and were the only persons at the time of his death who had the legal right to recover the amount of the benefit contracted to be paid to his children by the very terms of the certificate sued on. Both reason and authority support this view. By the provision of the statute under which plaintiff in error organized and was empowered to act, the beneficiaries *must* be paid out of assessments, and the assessments can not be applied to any purpose other than such payment. Actions in debt have been frequently brought in the courts of this State by the

beneficiaries, on like certificates to recover the benefit, and we are not aware of the objection having been made, that debt was not the proper form of action, or that the beneficiaries were not the proper plaintiffs. Swift v. R. P. & F. C. Ben. Ass'n, 96 Ill. 311; Lawrence v. Mutual Life Ins. Co., 5 Ill. App. 280; N. W. Ben. Ass'n Co. v. Hall, 118 Ill. 169. And our Supreme Court, as also the Appellate Court, have decided the beneficiary has the legal interest in and can recover the death benefit provided by the certificate to be paid on the death of the member. The court say in the case cited in 96 Ill. (speaking of the member): "At the time of his death he had no interest in the money to be paid in the event of his death, which would pass to his executor if he died testate, or to his administrator if he died intestate." In Johnson v. Van Epps, 14 Ill. App. 201, and same case 110 Ill. 551, both the Appellate and Supreme Courts hold the beneficiary takes such an interest as entitles him to receive the money, when, by the terms of the contract, it becomes payable, to the exclusion of the heirs or personal representatives of the deceased. These decisions fix the right at law to the amount of the death benefit to be in the persons designed by the statute and by the parties to the contract to receive and have the benefit of such amount, and announce a rule precluding its diversion from those justly entitled to it.

We are also of opinion the demurrer to the second plea was properly sustained. This plea avers the non-payment by Fountain Miller of the $5 assessed against him by the Widows and Orphans' Mutual Aid Society, to meet a death loss while he was a member thereof, and which sum, by the terms of the resolution under which he was admitted to membership in the new society, became payable to it; and further avers by reason of such non-payment the policy became void, etc. As we understand and construe the certificate issued by plaintiff in error to Miller, the forfeiture therein provided for was not incurred by the member if he failed to pay assessments made upon him by the old society, but a failure to pay assessments *made by plaintiff in error* worked a forfeiture of the certificate. A failure to pay such assessments is not averred. The plea sets up no legal defense in bar of the action,

and is obnoxious to a general demurrer. But plaintiffs' declaration is fatally defective; no sum is named in it, for which defendant became liable under the terms of the contract. The certificate referred to in the declaration is not a part of the declaration, and if it had been properly made a part thereof, the sum to be paid by plaintiff in error to the beneficiaries upon the death of Miller could be made definite and specific only by proper averments of facts showing that it was a duty of plaintiff in error to make assessments upon members; that such assessments would produce a sum to which plaintiffs became entitled, under the contract, to receive; in short the declarations should contain sufficient averments to show a cause of action; this it fails to do and the omission is not cured by the verdict, (Commercial Ins. Co. v. Treasury Bank, 61 Ill. 485,) and may be taken advantage of by motion in arrest of judgment or in error. Kipp v. Lichtenstein, 79 Ill. 358, and cases therein cited. Hence the judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*