New Home Life Association v. Hagler.

*Affirmed.*

THE NEW HOME LIFE ASSOCIATION OF ILLINOIS

v.

EMMA HAGLER ET AL.

*Life Insurance—Assessment Association—Refusal to Pay Loss—Waiver of Proof—Pleading—Evidence—Suicide—Insanity.*

1. When an insurance company refuses to pay a loss on the ground that it is not liable, it thereby waives proof of loss.

2. A certificate of membership in an assessment insurance association, containing a conditional promise to pay, on the death of the member, the

amount collected of members by assessment, is inadmissible in evidence un-
der a declaration which avers a promise by defendant to pay a specific sum.

3. In the absence of a plea setting up the defense that the suit was
prematurely brought, the objection is waived.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Franklin County; the
Hon. ROBERT W. McCARTNEY, Judge, presiding.

Messrs. W. S. FORMAN and J. A. WATTS, for appellant.

Messrs. W. H. WILLIAMS and D. M. BROWNING, for appel-
lees.

GREEN, J.  Appellant issued its certificate of membership
to Abram Hagler, in which, in consideration of membership
fee paid, and mortuary assessments to be paid by him, it was
agreed, upon due notice and satisfactory proofs of the death
of said Hagler being filed with the secretary, an *assessment
should be levied* upon members holding certificates; not to
exceed $4,000 in the aggregate.  Which amount *so collected,
less expenses and cost of collecting*, should be paid the wife of
said Hagler and her children.

Upon the death of Hagler suit was brought by appellees,
wife and children of Hagler, against appellant, to recover the
death benefit.  Declaration avers the " issuing by defendant
to Hagler of a membership certificate and policy of insurance
upon his life, for the benefit of his wife and her children, to
the amount of $4,000, whereby defendant, in consideration of
$12 paid to it, the receipt of which was in said policy acknowl-
edged, did insure the life of Hagler for the benefit of plaint-
iffs, to the amount of $4,000, and that upon payment of said
sum of $12 to defendant by Hagler, and in consideration
thereof, defendant promised the plaintiffs to pay them the said
sum of $4,000 within ninety days from the acceptance of evi-
dence of death of Hagler, which said evidence of the death of
Hagler was furnished by plaintiffs and accepted by defendant
within ninety days next after death of Hagler, in conformity

New Home Life Association v. Hagler.

to the conditions of said certificate of membership, or policy of insurance, as follows : " The conditions are then set forth, but none have any bearing here, unless it is the sixth, as follows : " If the holder of this certificate shall die by reason of any act of self-destruction whatever, this certificate shall become null and void, and of no effect, except that the aggregate amount of money which shall have been paid the association on this certificate, and no more, shall, on the delivery of this certificate properly receipted, be paid to the beneficiaries, as herein provided, within ninety days after receipt of proofs of death."

Next is averred the death of Hagler, on January 19, 1885, leaving his wife and children, the plaintiffs, him surviving, and as to said sixth condition avers, Hagler did not die by reason of any act of self-destruction committed while he was sane, but that he came to his death by congestion of the stomach; negatives all other exceptions and conditions which would avoid the policy, and alleges as a breach a refusal of defendant to pay plaintiff said sum of $4,000.

To this declaration defendant pleaded three pleas. The first was not insisted on; second sets up defendant undertook to pay plaintiffs only the amount that should be collected by assessment after receipt of satisfactory proof of death; that at time of death 630 members only were subject to an assessment of 75 cents each; and that no satisfactory proof of death of Hagler was filed in the office of the secretary; third is non-assumpsit, except as to $16.57; that no greater damages ought to be recovered, because that was the aggregate sum paid on the certificate, and Hagler came to his death by his own act of self-destruction; avers tender of $16.57, and brings it into court, etc. Following these pleas in the record is the statement, said to be a replication traversing each of the pleas, which is treated by counsel on both sides as putting in issue the facts averred in each plea; and upon these pleadings the cause was tried; a verdict rendered for plaintiffs for $1,300 ; defendant's motion for a new trial overruled, and judgment on verdict, to reverse which judgment defendant took this appeal.

It is urged as a cause for which the judgment should be

reversed that no satisfactory proof of the death of Hagler is
shown by the evidence to have been furnished defendant as
averred in the declaration and put in issue by second plea, and
that it is not shown such proof of death was furnished defend-
ant ninety days before suit brought, and that defendant
by the terms of the policy is not liable until the expiration of
ninety days after proof of death, hence the suit was prema-
turely brought.  C. M. Foreman's testimony is: "When we
were notified of Hagler's death I came down here and tendered
Judge Williams $16.57, the amount of money Hagler had
paid.  I did this under the provisions of the certificate of
membership, which provides that in case of death by an act of
self-destruction, the amount paid into the association shall be
refunded.  Judge Williams was, and is, the attorney for
plaintiffs.  He refused to accept the money; we have had it
ready for plaintiffs ever since; it is now on deposit with the
clerk of this court."  This witness was secretary of defendant
association, acting as its agent when he made the tender.  By
his testimony it appears defendant had then been notified of
Hagler's death.  The evidence furnished must have been sat-
isfactory and so accepted by defendant, otherwise it would
not, through its agent, have offered to refund money paid
under the provision which did not require such repayment to
be made until "within ninety days after proof of death."  We
think his testimony sufficiently shows (if that is required) that
satisfactory proof was furnished defendant of the death of
Hagler within ninety days after that event.  But, further-
more it appears defendant made the tender and claimed non-
liability to pay the death loss, upon the ground the death of
Hagler was by his own act of self-destruction.  Taking this
position defendant dispensed with the proof of death, and
placed its defense and refusal to pay the death loss upon a
ground which rendered proof of the death of insured unneces-
sary.  When an insurance company places its refusal to pay a
loss upon the ground it is not liable at all, and refuses to pay
for that reason, it thereby waives proof of loss.  Williams-
burg City Ins. Co. v. Cary, 83 Ill. 453; Home Ins. Co. of Texas
v. Myer, 93 Ill. 271; Peoria Marine & Fire Ins. Co. v. White-
hall, 25 Ill. 466, 470.

There was no plea setting up the defense that plaintiffs brought their suit before the expiration of ninety days after proof of death, hence, the point that the suit was prematurely brought is not well taken. The only other error assigned necessary to notice is the admission of improper evidence for plaintiffs.

We think the evidence as to the sanity or insanity of deceased, introduced on the trial, was admissible and pertinent to the issue presented by the third plea, but the certificate of membership read in evidence was clearly inadmissible under the declaration, which does not aver that any assessment was made, or the number of members liable to assessment, or the amount that could have been collected by such assessments, or aver any facts showing a duty by defendants to make such assessments, but avers a promise by defendant to pay plaintiffs a specific sum of $4,000. The certificate read to support this averment is a conditional promise to pay the amount collected of members by assessments, less cost and expense of collection. There is a fatal variance between the averments and the proof offered to sustain them. It was an error to permit plaintiffs to read the certificate to the jury as evidence, over the objection of defendant, and for this error the judgment must be reversed and the cause remanded.

*Reversed and remanded.*