## JOHN RING

### v.

## THE UNITED STATES LIFE AND ACCIDENT ASSOCIATION.

*Insurance—Life and Accident Companies—Policy—Conditions—Assessments—Levy of—Jurisdiction—Pleading.*

1. Where the contract in a mutual insurance certificate provides that upon a death the corporation shall make an assessment and pay over the proceeds, not exceeding a certain amount, in an action thereon, the declaration must charge a refusal or failure to make the assessment and allege that if the same had been made it would have resulted in the amount which the plaintiff claims as damages.

2. The allegations necessary in a pleading is to be determined from the language of the contract on which the rights of the parties depend.

3. In an action to recover upon an insurance certificate, the same agreeing that the amount named therein should be paid at the death of

one of two persons named, to the survivor, this court holds that the demurrer to the declaration was improperly sustained.

[Opinion filed May 29, 1889.]

IN ERROR to the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

This action was brought to recover on an insurance certificate. The declaration counts on a policy of insurance which is set forth *in haec verba*. The portions of the certificate and declaration material in this case are as follows:

"The United States Life and Accident Association of Chicago, Illinois, by this certificate of membership, witnesseth, that in consideration of the statements, representations and agreements made to it in the application for this certificate, and a membership fee in hand paid, and for a semi-annual due of $1.50 on each $1,000 herein named, to be paid within thirty days from date of this certificate, and semi-annually thereafter, and the further payment of an assessment proportioned to the maximum indemnity herein provided for to be made according to the table of graduated assessment ratios given hereon, to be paid at the death or disability of a member, do assure the life of J. and M. Ring for $2,000, in case of death or permanent and total disability for life; or one-fourth the amount for the loss of an arm or leg; or $10 weekly indemnity, in accordance with the terms and conditions of this certificate.

" And the said association does hereby promise and agree to pay said claim at its office in Chicago, Illinois, to disabled member, if living; if not, to survivor at the death of either beneficiary, or the said beneficiary's heirs, executors and administrators, etc., within ninety days after acceptance and approval of proofs of death or disability of said party whose life is hereby assured.

"This certificate is issued by this association and accepted by the assured upon the following terms and conditions."

"Indemnity Fund.—Upon the death or disability of a mem-

ber the surviving members whose certificates have been in force thirty days from date of notice thereof, will be required to pay an assessment, not to exceed one a month, for each $1,000, for indemnity above named, according to the table of graduated assessment ratios, the proceeds of which shall form the indemnity fund, which shall be used, first, in the *pro rata* payment of weekly benefits occurring in the month assessed for, and the balance to be paid *pro rata* among said month's matured indemnity, other than weekly benefits, but in either case will not exceed amount named in this certificate. Any part of said indemnity fund not consumed in the payment of one month's matured indemnity will be placed to surplus, which will be distributed *pro rata* among the beneficiaries, when an assessment is not sufficient to pay one month's matured indemnity in full; and when said surplus shall accumulate, sufficient in amount to pay one month's matured indemnity in full, the same will be used, and no assessment made on account of such indemnity."

And the plaintiff avers that the J. and M. Ring mentioned in said policy were the plaintiff, John Ring, and Mary Ring, his wife, and that at the time of the making of the said policy and from thence until the death of the said Mary Ring, as hereinafter mentioned, he had an insurable interest in the life of the said Mary Ring, so by the defendant insured as aforesaid.

And the plaintiff further avers that thereafter, to wit, on the 4th day of May, A. D. 1887, the said Mary Ring departed this life, and that the said plaintiff, John Ring, is the survivor in said policy mentioned, and that forthwith, after the death of the said Mary Ring, the plaintiff therein gave notice thereof to the defendant, giving the name and residence in full, the cause and date of death or disability, and number of certificate, and demanded of the said defendant that it furnish to the plaintiff the association proof blanks upon which to make preliminary proof of the death of said Mary Ring; but the defendant thereupon refused to furnish such proof blanks, and refused to pay the amount of said policy, on the ground that said certificate or policy of insurance was null and void,

and forfeited by reason of the non-payment of assessments thereon.

And the plaintiff further avers that within thirty days after the execution of said policy he paid or caused to be paid to said defendant a semi-annual due of $1.50 on each $1,000 therein mentioned, and that semi-annually thereafter he paid a semi-annual due of $1.50 on each $1,000 mentioned in said policy, and from and after the date of said policy paid all assessments made and assessed upon said policy to be paid at the death or disability of a member of said association of which the said defendant gave notice; nevertheless, although the plaintiff has kept and performed all things in the said policy mentioned on his part to be kept and performed, the defendant has not yet paid to the plaintiff the said sum of $2,000 in said policy mentioned or any part thereof, but refuses so to do, wherefore the plaintiff says that he is injured, etc., etc., and brings his suit.

There was a demurrer to said declaration which was sustained by the court, and plaintiff electing to stand by his declaration, judgment was rendered for defendant, and the case is brought to this court by a writ of error, and sustaining the said demurrer is the error assigned.

Messrs. RUBENS & MOTT, for plaintiff in error.

This positive and unequivocal contract to pay $2,000 can not be affected by the existence or absence of a surplus fund nor by the refusal or consent of defendant in error to levy an assessment; these financial questions will be more worthy of consideration when plaintiff comes to collect his judgment.

Where the certificate promises to pay a stated sum, and that an assessment shall be made upon all the members for the full amount named in their respective certificates, and the sum so collected, less cost of collection, shall be paid, the beneficiary is entitled to recover the full amount of the certificate, unless it is reduced by some defense, and a court of law has jurisdiction. Suppiger v. Covenant Mutual Benefit Association, 20 Ill. App. 595.

"Where a policy contains an undertaking on the part of the insurance company to pay the beneficiary therein named

$2,000 upon the death of the assured, and not to exceed seventy-five per cent of the assessments collected, the beneficiary may recover on said policy without proving demand on the company to make assessments or showing that assessments have been made, or, if made, the amount collected thereon.    Kansas   Protective Union v. Whitt, 36 Kas. 760.

In a New York case defendant issued a certificate by which there was to be paid to plaintiff, in ninety days after the proof of the death of a member, "a sum equal to the amount received from a death assessment," not exceeding an amount named.    Held, in an action to recover the amount due, that the promise to pay was not contingent upon the existence of a fund from which to make payment; the requirement that payment was to be made within ninety days implied an obligation to make an assessment to raise the fund; that having power to make it, defendant could not resist payment by omitting to make it; the proof of death operated as a demand for payment, and by implication, a demand that the proper steps be taken to procure the necessary funds.    Freeman v. National Benefit Society, 42 Hun, 252.

In the case at bar the promise also is to pay within ninety days after receipt of proofs of death.

In the following cases—In re Solidarite Mut. Ben. Ass'n, 68 Cal. 392; Ball v. Granite State Mut. Aid Ass'n, 9 Atl. Rep. 103; Newman v. Covenant Mut. Ben. Ass'n, 33 N. W. Rep. 662; Tobin v. Western Mut. Aid Ass'n, Id. 663; Ranisbarger v. Union Mut. Aid Ass'n, Id. 626; Smith v. Covenant Mut. Ben. Ass'n, 24 Fed. Rep. 685; Curtis v. Mut. Ben. Life Co. 48 Conn. 98—the certificates were wholly different from that sued upon here, providing expressly for the payment merely of the amount to be realized by one assessment, and to be paid, in many instances, only after collection.    In an action upon such certificates it would be necessary to make the averments claimed by defendant in error to be necessary in this case; but the doctrines of these cases have no application here—the contract being essentially different.    This is a contract to pay $2,000.

Messrs. CRATTY BROS. & ASHCRAFT, for defendant in error.

MORAN, J.    It is contended in support of the judgment of the Circuit Court, first, that no action at law can be maintained on the contract set out in the declaration; that the remedy is to be had in equity only.    Counsel for defendant in error cite a number of cases in support of this contention, among others, Covenant Mut. Ben. Ass'n v. Sears, 114 Ill. 108.    In that case the undertaking of the association as stated in the certificate was, that on the proof of the death of the member, he having complied with the conditions of the certificate, an assessment should be levied upon the surviving members to the amount of the certificate, $5,000, " which sum so collected on such assessments the association agrees well and truly to pay," etc.    The heirs of the deceased member filed a bill in equity and one of the grounds of defense was that the court had no jurisdiction—that there was an adequate remedy at law. The court said: " The certificate of membership does not contain any contract to pay to the beneficiaries $5,000, or any sum absolutely, but to levy assessments ratably upon all members holding certificates in force at the death of decedent, for the amount not less than the limit of the certificate, and to pay over the sum so collected on such assessments, less the collection costs.    As the corporation is not organized for 'pecuniary profit,' has no surplus, and relies entirely upon the mortuary assessments made upon each death for the payment of benefits to the beneficiaries of a decedent, it would be difficult to realize anything by execution.    *    *    *

" It would seem that a court of equity might properly be resorted to as being capable of affording a more adequate remedy, by directing a specific performance of the contract of the defendant by the levying of the proper assessments."

That case is undoubtedly an authority that where the contract is not to pay a sum absolutely, but to levy an assessment and pay the proceeds thereof, not exceeding a certain sum, to the beneficiary, equity will give redress in the nature of specific performance of the contract; but it is by no means an authority that an action at law might not be maintained on the same contract, and a judgment recovered.    There is a large class of cases arising on contract, where equity will take jurisdiction as furnishing a more direct and complete remedy

than the law court, yet where there is no doubt of the jurisdiction at law, if the party elects to pursue his remedy on that side of the court. In suits on certificates of benefit societies, there seems to be some contrariety in the decisions. The contracts of the different corporations differ in form. Some are absolute in the promise to pay a certain sum upon the member's death. Others provide that upon the death of the member, the company shall only pay over the proceeds of certain assessments, not to exceed a stipulated amount. In this latter class of cases, "It is not entirely agreed what remedy is most proper, if the association denying its liability refuses to levy the promised assessment, for the authorities are not in harmony. * * * The decided preponderance of authority is in favor of the view that an action at law can be maintained against the society for a refusal or neglect to make the assessment." Bacon, Benefit Societies, Sec. 453, and cases there cited.

The certificate sued on in this case, differs essentially from those in cases cited by counsel for defendant in error. In nearly all said cases the contract is not absolute for the payment of a certain amount, but is that the association shall levy an assessment and pay the proceeds thereof, not exceeding the amount named in the certificate to the beneficiary. Such cases are Smith v. Covenant Mutual Benefit Ass'n, 24 Fed. Rep. 685; Bailey v. Mutual Benefit Ass'n, 71 Iowa, 689; Newman v. Covenant Mut. Ben. Ass'n, 72 Iowa, 242; Burdon v. Mass. Safety Co., 17 N. E. Rep. 874; Egleston v. Association, 5 McCrary, 484; Curtis v. Mutual Benefit Life Company, 48 Conn. 98.

In most of said cases the question decided was the sufficiency of the allegations in the declaration or complaint at law, and if the contract here sued on was similar in its terms to the contracts on which the actions in said cases were brought, the decisions would be authorities in support of defendant in error's second contention, which is that the demurrer was well sustained, for the reason that the declaration does not aver that an assessment had been made and collected, or the number of members liable to assessment, and the amount that could have been made by an assessment.

Ring v. U. S. Life and Accident Ass'n.

Where the contract is that the corporation shall make an assessment, and pay over the proceeds not exceeding a certain amount, it is well settled that the declaration must charge a failure or refusal to make the assessment, and that if such assessment had been made it would have resulted in the amount which plaintiff claims as damages.   The New Home Life Assurance Co. v. Hazen, 23 Ill. App. 457; Abe Lincoln Mut. L. & A. Society v. Miller, 23 Ill. App. 341, and cases cited, *supra.*

The certificate here sued on is not a contract to make an assessment and pay over the proceeds, but an absolute promise and agreement to pay the amount named to the survivor, at the death of either beneficiary, etc., within ninety days after acceptance and approval of proofs of death.   Sec. 5th, it is true, shows how the indemnity fund for the payment of losses is to be created and kept up, but it in no manner limits the amount payable under the certificate to what might be collected from one assessment, nor does it provide that an assessment shall be specially levied to pay a loss on any particular certificate.   The scheme is to create and keep up a general fund, out of which losses shall be paid as they occur.   It follows that good pleading only required the plaintiff to set out the certificate, and allege the death and the performance on his part of the conditions required of him, and that he has sufficiently done in the declaration to which the demurrer was sustained.   Protective Union v. Whitt, 36 Kan. 760; Freeman v. National Ben. Society, 42 Hun, 257; Neskern v. North W. E. & L. Ass'n, 30 Minn. 406; Lueder's Ex'r v. Annuity Co., 12 Fed. Rep. 465; Excelsior Mutual Aid Ass'n v. Riddle, 91 Ind. 84.   The allegation necessary in a pleading is to be determined from the language of the contract on which the rights of the parties depend.

In our opinion the declaration is entirely sufficient in alleging a cause of action on the certificate set out, and for the error in sustaining the demurrer thereto the judgment of the Circuit Court must be reversed, and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*