## The Metropolitan Safety Fund Accident Association

### v.

### Phoebe Windover.

*Life and Accident Insurance—Certificate—Conditions—Assessment—Failure to Pay—Notice.*

Metropolitan S. F. Accident Ass'n v. Windover.

. 1.   In the absence of proof of notice, presence at a meeting by proxy is not sufficient to make changes in the by-laws of a mutual benefit association binding upon a member, its constitution providing that certificate holders may alter or amend  *  *  *  by a majority vote of those present at a given meeting, provided all members shall have had previous notice of such purpose to alter or amend.

2.   The receipt by an insurance company (f the amount of an assessment due within a certain time, the same being diverted by it to the payment of a later assessment, will amount to a waiver of any forfeiture which may have b·en incurred through delay in paying the first assessment.

3.   A letter in such case containing "all the facts" as to the death of a beneficiary is within a requirement that "satisfactory proof of claim," shall be given within a reasonable time.

4.   In an action brought to recover upon a life and accident insurance policy, this court holds that in view of the time of filing proofs, a certain assessment had to be looked to for payment, and declines to interfere with the judgment for the plaintiff.

[Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD C. CLIFFORD, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellant.

· Messrs. MILLER, STARR & LEMAN, for appellee.

By mere default for thirty days, Windover did not cease to be a member.   If a cause of forfeiture existed, it was a case of election on the part of the company.   Knickerbocker Ins. Co. v. Norton, 96 U. S. 234.

The company might then avail itself of the right of forfeiture and exercise it, or it might waive it as it chose.   But the cause of forfeiture is not self-acting.   The contract in this case did not end, or Windover cease to be a member by mere non-payment.   The insured did not alone ·by his default, determine the contract or relation.   That required the act of the other party as well.

In the Rood case, 31 Fed. Rep. 62, the by-law provided that upon failure to pay for thirty days the person "ceased to be a member."   The by-laws of this association were entirely different, and merely provided for forfeiture, which

is only at the affirmative election and action of the company. This association did not elect to exercise any right of forfeiture, but waived such right. After the alleged cause of forfeiture arose for non-payment of assessment No. 5, the association made assessment No. 6, and sent by mail to Windover as a member, notice, dated April 24, 1886, to pay the same. The secretary testifies he sent a previous notice for the payment of the same assessment about April 1st. This showed that the association had not then elected to take advantage of any cause of forfeiture and that the relation—the contract between them—was not then determined.

The policy in this case contained no provision limiting the time for furnishing proofs of death. The by-laws then in force required them to be furnished within seven months of the happening of the accident.

If that provision in the by-laws is a part of the contract of insurance (and it has otherwise no force or effect in this case), then it could not be changed and the time shortened by any subsequent change in the by-laws made by the association. N. W. B. & M. Aid Ass'n v. Wanner, 24 Ill. App. 357; U. M. Acc't Ass'n v. Frohard, 33 Ill. App. 178; Morrison v. Wis. O. F., 59 Wis. 162; Becker v. Farmers Mut., 48 Mich. 610. This company repudiated all liability from the first, and made compliance with this provision unnecessary. After Windover's death this claim was put by the plaintiff, the mother of the insured and the beneficiary named in the policy, into the hands of D. P. Lester, an attorney at Oswego, New York, to prepare and forward proofs of death. Mr. Lester wrote the company for blanks therefor October 29, 1886, but got a reply dated November 1, 1886, that they would furnish blanks when they had a death loss that was a claim and not before. And they did not furnish the blanks. This was substantially a denial of the claim.

Gary, P. J. This is an action upon a life and accident policy issued to George Windover, providing for the payment to the appellee of the sum of $1,500 within ninety days

after satisfactory proofs to the association of the death of George Windover by accident, within the terms of the policy, less whatever had been paid to him in his lifetime as indemnity for accidents. The policy (certificate is the name it is called by in the record) contains this proviso : "Provided, that in case the amount realized from one full assessment of all the certificate holders liable should be insufficient to pay the face value of this certificate when, by reason of death, it shall become a claim, then the beneficiary therein shall accept the result of said assessment less the amount of all weekly indemnity benefits previously received, as payment in full of all claims against the association under this certificate of membership. This certificate is issued under classification medium, and accepted, subject always to the provisions, exceptions, conditions and limitations of the constitution and by-laws of this association."

The real merits of the case lie within a moderate compass though seventeen printed pages of the abstract are occupied by the pleadings and rulings upon them, and eight more with propositions of law presented by the parties for the court to approve or reject.

The objection that an action at law is not the appropriate remedy, but the appellee ought to have filed a bill in equity, is answered by the case of Ring v. U. S. L. & A. Ass'n, 33 Ill. App. 168. The policy was issued August 17, 1885. At an annual meeting of the association held September 8, 1885, some changes were made in the by-laws, and one question in the case is whether George Windover in his lifetime was, and consequently the appellee after his death is, bound by such changes. The original constitution had this section :

"Sec. 16. The annual meeting shall be held at the office of the association, in the city of Chicago. The object of the meeting will be to elect directors and transact such other business as should properly come before the association. Each certificate holder is expected to be present, either in person or by proxy, and take part in the deliberations, and shall have the right to vote upon any and all questions that may come before the meeting. * * * The certificate

holders shall also have the right to alter or amend the constitution and by-laws of the association by a majority vote of those present, provided that all of the members of this association shall have had previous notice, by mail or otherwise, of such purpose to alter or amend, and any changes thus made shall not be subject to any alteration or change by the board of directors."

There is no proof that any notice under that section was ever given, and though a witness did state, generally, that George Windover was present at the meeting by proxy, that was not sufficient to make the changes binding upon him. Defenses made under them, therefore, will not be discussed.

George Windover was killed May 5, 1886, by an accident, which, under the terms of the policy, entitled the appellee to recover, if the policy was then in force, and the claim not lost by subsequent neglect on her part.

The by-laws in force at the date of the policy contained these provisions:

" Sec. 11.    Assessments upon the membership shall be issued quarterly, on the first days of January, April, July and October, in accordance with the classified table of rates, and shall be paid direct to S. A. Kean & Company, treasurer of the association, by the members, and shall not be withdrawn for any purpose except the payment of benefits and indemnities, and only upon the written order of the president and secretary of the association, acting together in the official capacity of an auditing board, and by authority of the board of directors.

" Sec. 15.    Notices for payment of assessments and dues, either printed or written, shall be mailed to each member at his last given post-office address, and when deposited in the post-office at Chicago, shall be deemed legal and sufficient notice for all purposes hereof, and any failure to pay as per said notice within thirty days from the date thereof shall work a forfeiture of all claims the member may have against the association by reason of his certificate.

" Sec. 17.    *    *    *    Total, permanent disability and beneficiary claims shall be due and payable within ninety days

Metropolitan S. F. Accident Ass'n v. Windover.

after satisfactory proofs of claims have been received at the home office. * * *

"Sec. 20. In case of the injury of any member, he shall be required to report the same to the home office at Chicago, and surgeon and secretary of the local adjusting board at once, stating the full particulars of the accident. Failure to give such notice forthwith shall work a forfeiture of all claims against the association. And unless direct and affirmative proof of the death or duration of total disability be furnished in seven months of happening of such accident, then all claim under such certificate shall be waived and forfeited to the association."

The proof of notices of any assessment to George Windover is not very definite, but it is assumed that he received notice of one for January, 1886. He lived in Oswego, N. Y. and paid that assessment in the latter part of April, 1886, to one Pasko, who seems to have been the agent of the appellant there. Notice of the April assessment was not sent until April 24th. April 27, 1886, the appellants wrote to George Windover this letter :

"CHICAGO, April 27, 1886.

"GEORGE WINDOVER, ESQ., Cor. East 1st and Cayuga Sts., Oswego, N. Y.

"*Dear Sir:* We have received to-day from Mr. W. J. Pasko, one dollar and eighty cents for your assessment No. 6. We credit it to your account, and send you receipt. You received a very considerable benefit ($15.00) from the association last November, and then did not pay assessment No. 5, the very next assessment. Under the circumstances, we do not consider it fair to the rest of the members to reinstate you until you pay what you are in arrears. We enclose an addressed envelope and remittance card. Upon receipt of $1.80 from you, we will write you a new certificate reinstating you, and entitling you to benefits. Remit this promptly. You are liable to accident at any time and place, and no claim would be valid until this assessment is paid.

"Yours truly,

"A. B. SMITH, Sec'y."

That money should be received in Chicago on the 27th, in response to a notice sent from Chicago to Oswego, N. Y., on the 24th, is in itself somewhat improbable; but when it is seen, as the evidence shows, that the money was not sent in response to the notice, but was paid to the local agent, who personally applied to the assured for it, and in doing so said, "There will be another assessment in a few days, and it will be easier to pay this than to have to pay both together," the conclusion is irresistible that the payment was on the January assessment.

The day on which Pasko received the money is not fixed; he was not examined as a witness, nor his letter to the appellant in which the money was sent, produced. The appropriation of the money to the April assessment was a diversion of it from the object for which it was paid, and the receipt of it was a waiver of any forfeiture, if any had been incurred by the delay in paying the January assessment.

The most favorable construction to which the appellant is entitled of Sec. 15 of the by-laws copied above, is that a failure to pay within thirty days from the date of mailing the notice of an assessment shall work a forfeiture. As George Windover was killed on the eleventh day after the notice of the April assessment was sent to him, there was no cause of forfeiture on that; so that neither on the January or April assessment has the appellant any defense.

Now, as to the proofs of death : The policy itself did not prescribe within what time they should be made, but the by-laws, to which the policy referred, did fix, in Sec. 20, seven months from the time of the accident causing the death, as the time within which the proofs should be furnished. Neither the policy nor the by-laws in any way indicate in what form the proofs should be, or even that they should be in writing; only that they should be "satisfactory." Now, of what were the proofs to be satisfactory? The meaning is not that the proofs should be such as would make the appellant satisfied to pay. There is no provision that the proofs shall come from, or on behalf of, the beneficiary claiming under the policy. The words, both of the policy and the by-laws, are:

"After satisfactory proofs have been received at the home office." Nothing requiring an extra judicial oath, or the certificate of a clergyman, as many old-time fire policies did, is in this.

The evidence indicates that the appellee was poor, and that several of the Oswego people were taking enough interest in her welfare to write to the appellant in regard to her claim. Among them was a Mr. Burchard, to whom the appellant wrote the following letter:

"CHICAGO, ILL., Oct. 5, 1886.

"B. B. BURCHARD, ESQ., Oswego, N. Y.

" *Dear Sir:* After the call of the Dun agent yesterday, I took the liberty of reading your letter addressed personally to Mr. Scribner, who has been away for some time. At the time of Mr. Windover's death, Mr. Pasko wrote us all the facts. We answered at once, notifying him that a claim on that certificate would not be valid, and quoted from a letter we wrote Mr. Windover, 4, 27, stating that until he paid assessment No. 5, we would not reinstate him into membership. We stated distinctly that no claim from him would be valid until that assessment was paid. He failed to remit, and died while suspended from benefits.

" Yours truly,

" A. B. SMITH, Sec'y."

The letter in which " Mr. Pasko wrote us all the facts," contained such " satisfactory proofs " that the refusal to pay was put exclusively on the non-payment of the January assessment, which, under the circumstances, was an indefensible ground. The appellee was, therefore, on the whole case, entitled to recover. The court trying the cause without a jury, assessed the damages at $550.

This appears to have been on the basis that an assessment on April 1, 1887, on all the then members liable to be assessed for the death of George Windover would not have produced more than that sum. That in point of fact the finding is right, can not, on the evidence, be well disputed.

The appellee assigns as cross-error that the finding ought to have been for the full amount of the policy with interest.

Her counsel argues that there was no proper plea under which to let in proof, and in the nature of things there could be no proof of what an assessment never made, would have produced; also, that if formal proofs by the appellee were dispensed with by the conduct of the appellant, the cause of action accrued long before April 1, 1887, and if not, then the cause of action accrued ninety days after such proofs were received by the appellant, which, by stipulation, was March 19, 1887. This is an action of assumpsit. All defenses, total or partial, going to the origin and extent of the liability of the appellant, are admissible under the general issue.

The few exceptions to that rule do not cover this case. Wilson v. King, 83 Ill. 232. The evidence was such as to make it reasonably certain what the result would have been (Chi. B. Soc'y v. Crowell, 65 Ill. 453), and as the declaration counted upon proofs of loss furnished "about" March 17, 1887, the regulations of the association required that the April assessment should provide for the payment, if that were the ground of recovery.

The appellee could only recover in accordance with her declaration. She was not at liberty to abandon the ground therein stated, and proceed on one not stated, however clearly it might appear by the evidence.

On the whole case the result is right, and the judgment is affirmed.

*Judgment affirmed.*