Stefan Halas, for the use of John Haluska, Plaintiff in Error, v. Narodni Slovensky Spolok, Defendant in Error.

### Gen. No. 15,793.

FRATERNAL BENEFIT SOCIETIES—*effect of failure to comply with reasonable by-laws.* If a member in his contract agrees to be bound by all the laws of the society then or thereafter to be in force, his beneficiary cannot fasten liability upon the society if she admits that the reasonable by-laws of the society have not been complied with.

Error to the Municipal Court of Chicago; the Hon WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

EDMUND D. CARTER, for plaintiff in error.

JOSEPH SABATH and RICHARD E. KROPF, for defendant in error.

Mr. Presiding Justice Baldwin delivered the opinion of the court.

Plaintiff in error brought a suit in the Municipal Court to recover a benefit of $300, claimed by him on account of the death of his wife, under a certificate of membership issued to him by it.

Upon the trial, in the court below, the parties agreed as to certain facts, among them being:

1. That the defendant society is a fraternal organization, not for pecuniary profit, for the purpose of helping the people of the Slavonic race, now and hereafter residing in this county, commonwealth and elsewhere in the United States, in distress, sickness and death, etc.

2. That plaintiff in error became a member of one of its subordinate lodges on April 25, 1906, and by his contract of membership agreed to be bound by its laws, rules and regulations then in force, or which might thereafter be adopted by it.

3. That when plaintiff in error became a member, the by-laws provided that: "A legally married member, who has been in the National Slavonic Society for six months last, is entitled, in case of the death of his wife, to receive the sum of three hundred dollars on account of his death benefit." And that thereafter, the defendant legally adopted an amendment to its by-laws, providing that, where the wife of the member dies of cancer, etc., he shall not be entitled to the advancement of a benefit, unless at the time of her death he had been a member of the society for one year, such amendment being effective July 1, 1906.

4. That the wife of Halas, plaintiff in error, died February 11, 1907, and at that date Halas was a member in good standing.

5. That the death of his wife was first reported to the society on September 4, 1907, at which time, and since July 1, 1906, there had been in force another by-law of the defendant to the effect that, if any member failed to report the death of his wife within six months from the date thereof, "he is not entitled to the advancement of the benefit aforesaid."

Upon this agreed statement of facts, the court below found for the defendant, and plaintiff in error here seeks a reversal, contending that, notwithstanding said statement of facts, he is entitled to recover upon the ground that, though he had not complied with the requirements of the by-laws, above included in the agreed statement of facts, he was excused therefrom, because, he says, they were repugnant to the purposes for which the society had been incorporated; namely, to help its members in distress, and relieve and support them in misfortune, and that, as applied to the present case, such alleged by-laws were *ultra vires* and void.

We regard this contention of plaintiff in error as entirely untenable. It appears that plaintiff in error, in his contract of membership, agreed to be bound by all by-laws of the defendant society then in force, or which might thereafter be enacted. In light of the agreed statement of facts, in which it was expressly agreed by plaintiff, that at least one of these two requirements is reasonable, we think it perfectly clear that plaintiff in error was not entitled to recover. Royal Arcanum v. McKnight, 238 Ill. 349; Murphy v. Nowak, 223 Ill. 301; Scow v. Royal League, 223 Ill. 32; Supreme Lodge v. Meister, 78 Ill. App. 649; Bacon on Benefit Societies and Life Insurance, par. 403.

The judgment of the court below must be affirmed.

*Affirmed.*