7:75 Fed 70

THE METROPOLITAN SAFETY FUND ACCIDENT ASSOCIATION

*v.*

PHOEBE WINDOVER.

*Filed at Ottawa May 13, 1891.*

137 417
51a 46
137 417
157 201
137 417
54a 448
57a 250
137 417
64a 344
65a 314
137 417
73a 344
75a 88
137 417
90a ⁴104
90a ⁴352
90a ⁴353
137 417
f98a ⁵383
137 417
99a ⁶637
137 417
107a ⁷311

1. BENEFIT SOCIETIES—*judgment on certificate—amount of—burden of proof.* A certificate of membership in a mutual benefit association provided for the payment to the holder's mother of $1500 ninety days after proof of his death from accident, "provided, that in case the amount realized from one full assessment of all the certificate holders liable should be insufficient to pay the face value of this certificate, * * * then the beneficiary herein shall accept the result of such assessment, less the amount of all weekly indemnity benefits previously received, as payment in full of all claims against the association under the certificate:" *Held,* that this certificate would sustain a judgment for $1500, the burden of proof being upon the defendant to show that an assessment, if made, would not produce that amount.

2. In such case, unless it is shown, by a preponderance of the evidence, that the amount that might have been realized by one full assessment of all the members would be insufficient to pay the face value of the certificate, the beneficiary will be entitled to recover such face value, and interest thereon at six per cent from the time the right of action accrues. The rule is the same when it is not possible to show what sum would have been realized by one full assessment.

3. But where the evidence shows the amount that could have been realized by the levy of an assessment on all the members liable, judgment should be rendered for that amount.

4. SAME—*forfeiture of membership—waiver of forfeiture.* If a mutual benefit corporation, after a member has incurred a forfeiture of his membership by a failure to pay a quarterly assessment, makes another assessment, and receives payment of such prior assessment and applies the same to its own use, this will be a waiver, or at least is evidence of its waiver, of the forfeiture. So, by levying and collecting from such member further assessments, the corporation will treat him as still a member, and liable to the obligations, and therefore entitled to the benefits belonging to that relation.

5. Although the consequence of the failure of a member of a mutual benefit society to pay an assessment within thirty days after notice may be a forfeiture of all claims he may have upon the order, such forfeiture may be waived by the society, and when once waived is thereafter incapable of assertion by it. Such a forfeiture is a matter of strict legal

27—137 ILL.

right, and the association, in order to assert it, must abide inflexibly by the terms of its contract.

6. The denial of liability for the death of a member, by a mutual life benefit society, on the ground of an alleged forfeiture of membership which proves unfounded, is evidence tending to show a waiver of the right to insist on proof of death within the time limited by the certificate of membership.

7. SAME—*amendments to by-laws—when binding.* Amendments of the by-laws of a mutual benefit aid society after a party becomes a member, at a meeting which he does not attend, will not bind him, unless it is shown that such meeting was called in accordance with the constitution of the body.

8. FORMER DECISION *distinguished—remedy at law or in equity.* In this case there is a complete remedy at law, and therein it differs from *Covenant Mutual Benefit Association* v. *Sears,* 114 Ill. 108. In that case there was no agreement to pay the face value of the certificate of membership, but only an assessment, as provided. A court of equity had jurisdiction to enforce payment by decreeing a specific performance of the agreement to levy the assessment.

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Circuit Court of Cook county ; the Hon. R. W. CLIFFORD, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for the appellant :

The association stands as a trustee of a fund in the hands of its numerous members, and therefore a court of equity may properly be resorted to as being capable of affording a more adequate remedy by directing a specific performance of the contract, and compelling the levying of proper assessments, than a court of law. *Benefit Association* v. *Sears,* 114 Ill. 113.

An action at law to recover such a sum as might be supposed would have been realized if an assessment had been made, will not lie. *Smith* v. *Benefit Association,* 24 Fed. Rep. 685 ; *Eggleston* v. *Life Association,* 18 id. 14 ; 19 id. 201.

For a refusal to levy an assessment only nominal damages can be recovered. *Smith* v. *Benefit Association,* 24 Fed. Rep. 685.

The by-laws of the defendant, which are made a part of the contract with the intestate, are self-acting, and binding upon

Windover and his representative, the plaintiff. The by-law providing for the forfeiture of membership in case an assessment is not paid within thirty days, is self-acting, and does not need any action to be taken on the part of the company to render it effective. *Rood* v. *Benefit Association*, 31 Fed. Rep. 62; *McMurray* v. *Knights of Honor*, 20 id. 107; *Robertson* v. *Life Ins. Co.* 88 N. Y. 541; *Hoyt* v. *Life Ins. Co.* 93 id. 70; *Roehner* v. *Life Ins. Co.* 63 id. 160; *Mandego* v. *Life Association*, 64 Iowa, 134; *Yos* v. *Benefit Association*, 63 Md. 86.

A policy can only be revived after forfeiture in one of these ways: by a new agreement, by operation of an estoppel, or of a waiver. *Robertson* v. *Life Ins. Co.* 88 N. Y. 546.

The application of George Windover in the case at bar was and is part of the certificate of membership or contract between him and the association. *Mandego* v. *Life Ins. Co.* 64 Iowa, 134; *Aid Association* v. *Hand*, 29 Ill. App. 73.

A failure to pay within the time limited by the by-laws will render the certificate of membership void, and forfeit all rights thereunder. *Life Ins. Association* v. *Hunt*, 127 Ill. 277.

Unless the defendant association, by its acts or conduct, induced the insured to do or refrain from doing some act to his detriment, there can be no estoppel. In other words, where the element of fraud is wanting there can be no estoppel. *Life Ins. Co.* v. *Amerman*, 119 Ill. 329.

As a matter of law, there can be no waiver in a mutual benefit association. (Bliss on Life Insurance, p. 171, sec. 429.) Neither can there be a waiver after a forfeiture has occurred. Bonney on Insurance, 32; Bliss on Life Insurance, p. 443, secs. 266, 273, 267.

In the following cases it was held there was no waiver: *Garretson* v. *Insurance Co.* 65 Iowa, 468; *Weare* v. *Insurance Co.* 45 N. J. 177; *Servoss* v. *Society*, 67 Iowa, 86; *Benevolent Society* v. *Baldwin*, 86 Ill. 479; *Miller* v. *Insurance Co.* 110 id. 102; *Mandego* v. *Life Association*, 64 Iowa, 134.

In the case last cited it was held that a forfeiture was not waived by sending notice of a subsequent assessment. See, also, Bliss on Insurance, sec. 273; 58 Pa. 443.

In the case at bar the declaration is defective, and does not warrant any damages beyond nominal damages, because it does not allege that if an assessment had been levied there would have been collected out of the same sufficient to pay the amount of the policy, or any specified portion thereof. *Accident Society* v. *Miller*, 23 Ill. App. 346.

Limitations in policies of fire insurance by which the assured is compelled to commence his suit within one year from the time the loss occurred, have been held good in the following cases: *Insurance Co.* v. *Whitehill*, 25 Ill. 466; *Johnson* v. *Insurance Co.* 91 id. 92; *Insurance Co.* v. *Johnson*, 1 Bradw. 609.

Messrs. MILLER, STARR & LEMAN, for the appellee:

By mere default for thirty days Windover did not cease to be a member. If a cause of forfeiture existed, it was a case of election on the part of the company. *Rood's case*, 31 Fed. Rep. 62; *Insurance Co.* v. *Norton*, 96 U. S. 234.

The company waived the pretended cause of forfeiture. A waiver of forfeiture does not need to have the elements of an equitable estoppel.

The part of the by-laws giving one year to furnish proof of death forms part of the contract, and could not be changed by amending the by-laws. *Benefit Association* v. *Wanner*, 24 Ill. App. 357; *Morrison* v. *Wis. O. F.* 59 Wis. 162; *Becker* v. *Life Ins. Co.* 48 Mich. 610.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was a suit in assumpsit, brought by Phoebe Windover against the Metropolitan Safety Fund Accident Association, to recover the amount claimed to be due upon a membership certificate issued by said association to George Windover, the

plaintiff's son.   The defendant is an association incorporated in January, 1885, under the act of the General Assembly of this State, entitled, "An Act to provide for the organization and management of corporations, associations or societies for the purpose of furnishing life indemnity or pecuniary benefits to widows, orphans, heirs, relatives and devisees of deceased members, or accident or permanent disability indemnity to members thereof," approved June 18, 1883.   The objects for which said association was formed, as declared in its certificate of organization filed with the Secretary of State, are, in substance, to operate a purely mutual accident association; to furnish substantial weekly indemnity to its members in case of accident at actual cost; to provide for the widows, orphans and legal heirs of its members in case of accident that shall result in death within ninety days from the happening thereof; to provide substantial support for any of its members who through accident may be permanently disabled. The plan to be followed in carrying out said objects is declared to be as follows:

"It is the purpose of this association to create a fund with which to provide relief for its members in case of accident as hereinabove set forth.   The funds for the payment of such accident indemnity are to be realized from assessments of members.   Every member of the association is assessed whenever a loss occurs, the amount of the assessment being graded or classified according to the occupation or amount of member's policy.   Members are required to deposit all money assessed for losses in the Illinois Trust and Savings Bank in Chicago, which said bank is the treasurer of the association. The funds deposited with said bank by the members of the association can only be paid out by authority in writing of the trustees of the Benefit Fund, and bearing the signature of the chairman of the Trustees of Benefit Fund and the secretary of the association, and no money shall be drawn from the bank for any other purpose than the payment of

losses.   Membership is secured by solicitors.   Applicants
for membership are classified according to their occupation,
the association having adopted the preferred, ordinary, me-
dium, hazardous, extra-hazardous and extra special hazardous
classes."

Said association, soon after its organization, adopted a table
or schedule of assessments, in which was fixed and determined
the amount which each member was to be assessed quarterly
as his contribution to the benefit fund, the rate of assessment
varying according to the class to which the member belonged,
and according to the face value of his membership certificate,
and at the same time fixed the amount of the membership fee
and annual dues to be collected of each member.   It also
adopted a constitution and by-laws providing, among other
things, that no part of the benefit fund or fund arising from
assessments upon the membership should be appropriated for
expenses of the payment of salaries of officers or the com-
pensation of agents, but appropriating the fund arising from
membership fees and annual dues to the payment of such ex-
penses, compensation and salaries.   It was further provided
that said assessments should be paid quarterly, on the first
days of January, April, July and October of each year.

Said by-laws provided that notice of assessments and dues,
either written or printed, should be mailed to each member at
his last given post-office address, and that when deposited in
the post-office at Chicago, should be deemed a legal and suf-
ficient notice, and that any failure to pay, as per said notice,
within thirty days from the date thereof, should work a for-
feiture of all claims the member might have against the asso-
ciation by reason of his certificate.

It was further provided that all sums paid by way of indem-
nity under any certificate of membership should be accounted
in diminution of the principal sum or face of the certificate,
whenever by reason of death it should become a claim against
the association, so that the entire amount to be paid by way

of benefits or indemnity should in no case exceed the principal sum named in the certificate.

The by-laws further provided that, in case of injury to any member, he should report the same to the home office of the association at Chicago, and to the surgeon or secretary of the local adjusting board at once, stating full particulars of the accident, and that a failure to give such notice forthwith should work a forfeiture of all claims against the association. And also that "unless direct and affirmative proof of the death or duration of total disability be furnished in seven months of happening of such accident, then all claims under such certificate shall be waived and forfeited to the association."

The constitution provided for annual meetings of the association for the election of directors, and for the transaction of such other business as might come before the association, at which meeting each certificate holder was expected to be present, either in person or by proxy, and take part in the deliberations and have a right to vote upon all questions coming before the meeting. Also, that the certificate holders should have a right to alter or amend the constitution and by-laws of the association by a majority vote of those present, "provided that all the members of the association shall have had previous notice by mail or otherwise of such purpose to alter or amend, and any changes thus made shall not be subject to any alteration or change of the board of directors." Said constitution and by-laws were in force at the time the certificate of membership in question in this case was issued.

Said certificate was dated August 17, 1885, and was for the sum of $1500, in the class known as "medium." George Windover, at the time it was issued, and up to the time of his death, was a resident of Oswego, Oswego county, New York. After reciting that, for certain considerations particularly enumerated, said association thereby issued said certificate to said George Windover in the principal sum of $1500, it was provided that said sum, less the amount of all weekly indem-

nity previously received, should be paid to Phoebe Windover whose relationship to said member was that of mother, or her legal representatives, within ninety days after satisfactory proofs should be received at the home office, setting forth that the member, during the continuance of said contract, had sustained bodily injuries from external, violent or accidental causes, within the intent and meaning of said certificate and the conditions thereto annexed, and that such injuries alone had occasioned death within ninety days from the date of such accident. In a subsequent part of the certificate however is the following: "Provided, that in case the amount realized from one full assessment of all the certificate holders liable should be insufficient to pay the face value of this certificate when, by reason of death, it shall become a claim, then the beneficiary herein shall accept the result of such assessment, less the amount of all weekly indemnity benefits previously received, as payment in full of all claims against the association under this certificate of membership."

To a declaration containing two special counts based upon the certificate of membership, the defendant pleaded the general issue and a number of special pleas setting up a variety of defenses, and upon the special pleas a large number of issues were formed by replications, rejoinders and surrejoinders. Upon a trial by the court, a jury being waived, the issues were found for the plaintiff and her damages assessed at $550, and for that sum and costs the plaintiff had judgment. Said judgment has been affirmed by the Appellate Court on appeal, and the judges of that court having granted to the defendant the proper certificate, the record now comes to this court by a further appeal.

Much space is devoted by the defendant's counsel to a discussion of the various issues formed upon the special pleas, and of the question as to which party has the burden of proof upon each of those issues, but as most if not all the defenses set up by the special pleas are available under the plea of non

assumpsit, and as the evidence in support of those defenses was admissible under that plea, it will be quite unnecessary for us to follow counsel through the maze of special pleading, or to devote any time to a consideration of the questions thus attempted to be raised. *Rockford Ins. Co.* v. *Nelson*, 65 Ill. 415.

All controverted questions of fact having been conclusively settled by the judgment of the Appellate Court nothing remains for us to consider except such questions of law as are preserved in the record. These questions in the main are raised by the exceptions of the defendant to the rulings of the court upon the various propositions submitted to be held as the law in the decision of the case.

The first point raised is, that under the evidence, the plaintiff, if entitled to recover at all, should have been allowed to recover only nominal damages. This contention is based upon the assumption that the contract evidenced by the membership certificate is merely to levy and collect one full assessment upon all the certificate holders of the class to which George Windover belonged, and to pay the avails of such assessment over to the plaintiff as the beneficiary named in the certificate, and that as it is impossible to establish by evidence the sum that would have been realized from such an assessment if it had been made, no substantial damages should have been awarded, the plaintiff's proper remedy being in a court of equity by a bill for a specific performance of the contract to levy and collect the assessment.

On this point four propositions submitted on behalf of the plaintiff were held as the law in the decision of the case, the substance of those propositions, when relieved of unnecessary verbiage, is as follows: That by the terms of said certificate, if a cause of action has accrued by reason of the death of said member, the plaintiff is entitled to recover the full sum of $1500 mentioned therein, unless the defendant has shown by its pleadings and proofs that the amount which would be real-

·ized by one full assessment on all the certificate holders liable would have been insufficient to pay the face value of the cer-·tificate; that the proviso in the membership above quoted is a ·condition subsequent, and that it is incumbent upon the defendant, in order to avail itself of said proviso, to show the existence of the facts upon which it is to become entitled to ·the benefit thereof; that the burden is therefore on the de-·fendant to prove that the amount realized by one full assessment of all the certificate holders liable would have been ·insufficient to pay the face value of the certificate, and that ·unless that fact is shown by a preponderance of the evidence, ·the amount of the plaintiff's recovery should be the face value ·of the certificate and interest; that if it is not possible to show what amount would be realized by one full assessment, or whether or not the full face value of said certificate would have been realized, in case the assessment had been made at ·the time it should have been, the plaintiff is entitled to recover ·the full face ·value of the certificate, with interest at six per ·cent from ·the time the cause of action accrued.

.    We are unable to perceive any substantial error in the prop-·ositions thus held to be the law in the decision of the case. The counsel for the defendant are clearly in error in their ·position that the membership certificate is merely an executory ·contract on the part of the defendant to levy one full assess-·ment upon all the certificate holders liable, and pay over the ·money resulting therefrom to the beneficiary.    Such position ·is supported by neither the terms of the certificate, nor by the provisions of the defendant's articles of incorporation, consti-·tution and by-laws.    The agreement of the certificate is, pri-·marily, to pay to the designated beneficiary the full sum of .$1500, less what may have been previously paid to the member during his lifetime by way of weekly indemnity, and the ·subsequent clause upon which reliance is placed merely pro-·vides that, if the amount realized from one full assessment is ·insufficient to pay that sum, the beneficiary shall accept the

amount realized in full of her claim.     The proviso therefore is a mere exception or condition that, under certain circumstances which may or may not arise, the beneficiary shall accept in discharge of the defendant's obligation a sum less than that agreed to be paid to her.

It should be observed that the certificate contains no express agreement or undertaking on the part of the association that, upon the death of a member, an assessment shall be made for the purpose of raising a fund to be paid to his beneficiary, and it is doubtful whether such undertaking is so far implied as to be capable of enforcement.     All that is provided for is, that if one full assessment on all the certificate holders liable would be insufficient to pay the face value of the certificate, the beneficiary should accept the result of such assessment in full of her claim.     Possibly the association was at liberty, for the purpose of availing itself of the condition in its contract and of liquidating the amount of its liability by that mode, to make a special assessment, but we are unable to conclude from the terms of the certificate that it was bound to do so. Furthermore, by reference to the mode of doing business outlined by its certificate of organization, constitution and by-laws, it is, to say the least, doubtful, whether the making of a special assessment upon the death of each member was within the contemplation of the association.  Instead of that, four assessments were required to be made each year at fixed dates, and the money thus raised was to constitute a fund for the payment of the moneys which might become due to members and their beneficiaries by the terms of their certificates. So long as there were funds in the treasury resulting from the quarterly assessments sufficient to pay members and beneficiaries, it is scarcely to be supposed that further assessments were contemplated.     If that fund had been exhausted or was inadequate, doubtless further assessments might be made, but the general plan upon which the association was organized would seem to indicate an expectation that the quarterly as-

sessments would be sufficient to pay all moneys which might become due under the membership certificates.

It can not be doubted, we think, that the proper remedy is at law. There is no legal difficulty in the way of making proper proof of damages in that forum. The amount to be recovered is a sum fixed and liquidated by the contract, viz., $1500, subject to reduction by such sums as may have been paid to the member during his lifetime by way of weekly indemnity, and also, in case it turns out that one full assessment of all the certificate holders liable would fail to realize that full sum, subject to reduction by the amount of the deficiency.

It also follows as a legal result that the burden of establishing these reductions is on the defendant. The clauses by virtue of which it becomes entitled to them are manifestly inserted in the certificate for its benefit and protection. The plaintiff, by producing the membership certificate in evidence, and proving such collateral facts as are sufficient to show that a cause of action has accrued thereon by reason of the death of the member, makes out a *prima facie* case of a right to recover the full face value of the certificate, and the burden is on the defendant to show that conditions exist which limit the right to a smaller sum.

This case is clearly distinguishable from *Covenant Mutual Benefit Association* v. *Sears,* 114 Ill. 108, as in that case there was no agreement in the membership certificate to pay to the beneficiaries its face value, but it was provided merely that, upon the death of the member, he having complied with the conditions of the certificate, an assessment should be made upon the surviving members of the amount mentioned in the certificate, which was $5000, and that the sum collected, less the expenses of collection, should be paid to the beneficiaries. It was held that, under those circumstances, a court of equity might properly take jurisdiction of a bill filed by the beneficiaries to enforce payment of the certificate by compelling a

specific performance.    In *Ring* v. *U. S. Life & Accident Association*, 33 Ill. App. 168, the Appellate Court, in deciding a case substantially like the one now before us, drew the same distinction between that case and the Sears case above cited.

Another ground urged against the plaintiff's right to recover is, that George Windover, before his death, had forfeited all rights under his membership certificate, by a failure to pay the assessments of January 1, 1886, and of April 1, 1886, each for the sum of $1.80, within thirty days from the service of notice of said assessments respectively.    The defense here referred to, as presented by counsel in their briefs, rests mainly upon questions of fact which are not open to review in this court.    By way of stating said defense a little more at large it may be said that there is evidence tending to show, that an assessment for $1.80 upon Windover was made January 1, 1886, and that notice of that assessment was sent to him on that day; that said assessment was not paid, but that another assessment for the same amount was made April 1, 1886, and that a notice of that assessment was sent to Windover April 24, 1886.    It is claimed also that a notice of the April assessment was sent on the day it was made, but the only evidence of that notice is to be found in a statement of the defendant's secretary, when being examined as a witness, to the effect that a notice was sent April 1, without stating to whom it was sent or how, or whether it was mailed in conformity with the requirements of the defendant's by-laws or not. The Appellate Court seems to have reached the conclusion that the notice of April 24 was the only one shown to have been sent, and that the evidence failed to show service on Windover of any notice on April 1, and by that conclusion we are bound.

It appears that sometime in the latter part of April, 1886, Windover paid the sum of $1.80 to an agent of the defendant in Oswego, New York, and there is evidence warranting the conclusion that such payment was made by Windover to apply upon and in satisfaction of the January assessment.    It is

scarcely possible that said payment was made in response to the notice of April 24 as it was forwarded by the defendant's agent to the defendant's office in Chicago and received there in time to be acknowledged by a letter dated April 27. Besides, the evidence tends to show that the agent, at the time the payment was made, advised Windover that another assessment would be due in a very short time, referring, probably, to the April assessment. The defendant, as appears from said letter of acknowledgment, applied said money to the April assessment, and informed Windover that the January assessment was still unpaid; that in fairness to other members it could not reinstate him until that assessment was paid also, and that upon receipt of the amount of said assessment it would write him a new certificate reinstating him and entitling him to benefits.

The view of the facts which the Appellate Court seems to have taken is, in substance, that Windover, in making said payment, specifically applied the money paid to the January assessment, and that the defendant, by receiving and retaining said money, waived its right to insist upon a forfeiture of the membership certificate for non-payment of that assessment; that no notice of the April assessment being shown to have been given prior to April 24, and Windover having died May 5, less than thirty days after said notice was mailed to him, he was not in default in the payment of that assessment, and, consequently, at the time of his death, there was no forfeiture of which the defendant could avail itself.

But these matters, as held and determined by the Appellate Court, are so far based upon mere conclusions of fact as to present of themselves no questions for decision here. They are material only so far as they tend to show the relevancy and propriety of the propositions submitted by the defendant to be held by the trial court as the law in the decision of the case.

One proposition submitted by the defendant was, in substance, that if the evidence showed that Windover failed to

pay the January assessment for thirty days after notice thereof, his membership certificate was thereby forfeited and became null and void. This proposition was held by the court as the law, and therefore furnishes no basis for an assignment of error by the defendant. A proposition, however, was submitted on behalf of the defendant, which the court refused to hold as the law, which was, in substance, that, if the evidence showed, that an assessment of $1.80 was levied by the defendant upon Windover and due notice thereof given to him January 1, 1886, and that he failed to pay said assessment within thirty days thereafter, and that another assessment for the same amount was made by the defendant and notice thereof given to Windover April 1, 1886, and that April 27, 1886, the defendant received from Windover $1.80 to apply upon said April assessment, and that defendant then and there acknowledged the receipt of said money and placed it to Windover's account, and then and there notified him by letter that it had received said money and placed it to his account; that he had not paid said January assessment; that the defendant did not consider it fair to its other members to reinstate him until he paid said sum then in arrears, and informing him that upon receipt of $1.80 more the defendant would write him a new certificate reinstating him and entitling him to benefits, and requesting him to remit it promptly, as he was liable to accident at any time, and that no claim would be valid unless the assessment was paid, then, the mere fact of defendant's sending to Windover a notice of the April assessment, and receiving the $1.80 paid by Windover April 27, 1886, and crediting the same to his account, did not constitute a waiver of the forfeiture arising from his failure to pay the January assessment, nor estop the defendant from setting up said forfeiture as a bar to this suit upon said certificate of membership.

The court may very properly have refused to hold the above proposition as the law because there was no evidence to sustain the hypothesis therein contained that notice of the April

assessment was mailed to Windover at his last given place of address on the 1st day of April, 1886. But waiving that point, we are of the opinion that the rule of law stated in said proposition can not be sustained. It can not be doubted that, while by the express terms of the defendant's by-laws, the consequence of a failure to pay an assessment within thirty days after notice was a forfeiture of all claims the member might have against the defendant by reason of his certificate, the forfeiture thus provided for was one which the defendant was at liberty to waive, and that such forfeiture, after once being waived, was incapable of assertion by the defendant. A forfeiture of this character is a matter of strict legal right, and the defendant in order to assert it, must abide inflexibly by the terms of its contract. *Johnson* v. *Southern Life Ins. Co.* 79 Ky. 403.

It follows that conduct on the part of the association inconsistent with an intention to abide by the strict terms of the contract and insist upon a forfeiture, if not amounting to a waiver, is at least evidence of a waiver. The conduct of the defendant in levying the assessment of April 1, in notifying Windover to pay that assessment, and, within the time prescribed by its by-laws, receiving from him payment of said assessment and retaining the money paid for its own use, were all acts wholly inconsistent with an intention to rely upon and assert a previous forfeiture. The effect of such forfeiture, if insisted upon, would be to terminate Windover's relations to the defendant, and thereby to exonerate him from all liability to pay subsequent assessments. By levying and collecting from him further assessments the defendant treated him as still a member and liable to the obligations, and consequently entitled to the benefits belonging to that relation.

In *Tobin* v. *Western Mut. Aid Soc.* 72 Iowa, 261, it was held that where a member of a mutual benefit society had forfeited his membership by failing to pay an assessment, notice of said assessment having been mailed to him, the demand, receipt

and retention by the society of subsequent dues amounted to a waiver of the forfeiture, even though no waiver was intended by the society. See also *Boswell* v. *Equitable Aid Union*, 13 Fed. Rep. 840; *Rice* v. *New Eng. Mut. Aid Soc.* 146 Mass. 248; *Erdmann* v. *Mut. Ins. Co.* 44 Wis. 376.

But in determining whether the court properly refused to hold as law the proposition above referred to, it is not necessary for us to determine whether the levying and collection of the assessment of April 1 and the appropriation by the defendant to its own use of the money collected amounted in law to a waiver of the forfeiture. Those facts were at least evidence tending to show such waiver, and being so, they could not, as a matter of law, be held insufficient to show a waiver, nor could it be held that, under all the evidence, no waiver was established. It follows that said proposition, as applied to the facts of the case, was erroneous, and was properly refused.

It is further insisted that no proofs of the death of Windover were furnished the defendant within the time limited by the by-laws, and that for that reason no right to recover is shown. As has been already stated, the by-laws in force at the time the membership certificate in question was issued provided that, unless proofs of death should be furnished within seven months, all claims under said certificate should be waived and forfeited to the association. At the next annual meeting after the date of said certificate, which was held September 8, 1885, an attempt was made to change said by-laws so as to provide that proofs of death should be furnished within three months, and that upon failure to furnish them within that time, a similar forfeiture should result.

There is evidence tending to show that notice of said annual meeting was sent to many of the members of the association, but whether such notice was sent to Windover does not appear, nor is it shown whether he was present at the meeting either in person or by proxy. Nor is there any evidence that

28—137 ILL.

the notice issued contained any statement that the purpose of the meeting would be to alter or amend the by-laws. Under these circumstances the trial court was justified in holding that the attempted change in the by-laws was not binding on Windover, and that the rights of the plaintiff are subject to the by-laws as they stood at the time said certificate was issued.

Formal proofs of the death of Windover do not seem to have been served upon the defendant until March 19, 1887, more than seven months after Windover's death, and the plaintiff's right to recover must therefore be sustained, if at all, upon the theory that before the expiration of said period of seven months, the defendant waived the production of formal proofs of death. There is evidence tending to show such waiver, such evidence consisting, in the main, of declarations by the defendant made before the period for furnishing proofs had expired, denying its liability on said certificate of membership, basing its denial upon the alleged delinquency of Windover in the payment of the January assessment. Whether such waiver is proved is a question of fact not reviewable here, and as all the propositions of law submitted by the defendant on this branch of the case were held by the trial court, no question of law in relation to the proofs of death is presented for us to consider or decide.

The further point is made that the suit not being brought within one year from the time the cause of action accrued, should be held to be barred. It is provided by the by-laws, as amended at the meeting of September, 1885, that no suit or proceeding at law or in equity shall be brought to recover any sum in said by-laws provided for, unless the same is commenced within one year from the time the action accrues. No such provision, however, is found in the by-laws in force at the time the membership certificate in question was issued, and as the amendments to the by-laws are not shown to have been adopted at a meeting having authority under the consti-

tution to make them, the amended by-law limiting the right to sue to one year has no application to this case. One proposition was submitted by the defendant raising this question as a question of law and was refused, and we think properly, for the reason already stated, that the limitation clause does not apply.

The plaintiff is claiming the right to recover the full sum of $1500 mentioned in the membership certificate, and has assigned as a cross-error the refusal of the court to give her judgment for that amount. · If there had been no evidence tending to show that the amount which would be realized from one full assessment of all the certificate holders liable would be insufficient to pay that sum, the plaintiff's contention in this respect should doubtless have prevailed. But the evidence tends to show that the full amount of an assessment levied upon all the members of the class to which Windover belonged, if all had paid, would only have produced a sum which, with interest, would have amounted to what the plaintiff has recovered. The assessment of damages therefore is as favorable to the plaintiff as she can possibly be entitled to. The cross-errors must therefore be overruled.

Some other questions are raised by counsel in their arguments, most of which, however, are practically disposed of by what we have already said. As to the points to which no reference has been made, we need only say that they have not escaped our attention, but on full consideration we do not find them of sufficient importance to call for special discussion. We are of the opinion that the record is free from material error, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*