## Northwestern Life Assurance Co. v. Louise Erlenkoetter.

1. Insurance Companies—*Corporate Rights of Member and His Rights as a Party Insured.*—The corporate rights of a member of an insurance company may be subject to the control of the corporation, but his rights as a party insured rest on the contract.

2. SAME—*Change in By-Laws.*—In the absence of notice of a change in the by-laws and of the new by-law authorizing the imposition of a penalty, the deceased is not bound to pay the amount called for.

3. FORFEITURE—*Must Rest Only upon Strict Legal Right.*—Where the deceased was not bound to pay the extra assessment without knowledge of the authority justifying its collection, a forfeiture for failing to pay the amount called for within the time allowed, will not *ipso facto* result. Such forfeiture can rest only upon strict legal right, and it must abide inflexibly, the terms of the contract.

**Assumpsit,** on a policy of insurance. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed June 19, 1900.

**Statement.**—Appellee is the widow of one Charles Erlenkoetter, and as such filed her bill to recover upon a certificate of membership issued to her deceased husband in June, 1883, by appellant, then doing business as the Northwestern Masonic Aid Association. Said association subsequently changed its name, and in August, 1893, reincorporated under its present name in accordance with the act of the General Assembly, approved June 22, 1893, providing for reincorporation of "companies to do the business of life or accident insurance on the assessment plan," etc.

By the terms of said certificate of membership, appellee became entitled to payment of a sum not exceeding $2,500, within sixty days after furnishing satisfactory evidence of her husband's death, provided he had meanwhile complied with the conditions of membership as stated in said certificate, and with the requirements of the constitution and by-laws of the company. The bill charges that from the time his membership began, in 1883, until his death, May 18, 1897, the deceased had complied with these requirements; and prays that appellant be compelled to levy and collect an assessment according to its by-laws to pay the said sum or to make such payment out of other money in its hands applicable for the purpose.

Appellant answers that said Charles Erlenkoetter was at the time of his death delinquent, having failed to pay after due notice the last assessment levied upon him.

Ullmann & Hacker, attorneys for appellant; E. L. Barber, of counsel.

Johnson & Morrill, attorneys for appellee.

Mr. Justice Freeman delivered the opinion of the court.

It was the practice of the appellant whenever satisfactory proof of the death of any of its members was received, to levy an assessment upon surviving members liable therefor, and cause notice thereof to be delivered or mailed, postpaid, to such member's address. The deceased lived in Hoboken, N. J., and his place of business was in New York City. It had been his usual practice for almost fourteen years of his membership, in response to such notices to send a larger sum than was required to meet any one assessment. Thus when assessment 288 was levied requiring payment of $6.80, there was a balance to the credit of the deceased of $6.99, leaving after payment of assessment 288 a balance of nineteen cents applicable upon the next assessment. There was due from him, therefore, when assessment 289 for $6.80 was levied, only $6.61, after applying the nineteen cents remaining to his credit in appellant's hands. The first notice of assessment 289 was duly received by the deceased. It was found in his desk after his death and produced at the hearing. Payment not having been made within the time required after mailing the first notice, the beneficiary became subject, according to a by-law, to a delinquent charge of twenty-five cents additional, and was entitled to a second notice. The by-laws provide that if payment is not made within the time specified in said second notice, not less than ten days after its service, the member so failing to pay "shall forfeit his membership in the company, together with all benefits pertaining to the same, and all moneys by him previously paid." It is further provided that a notice of assessment mailed postpaid to the postoffice address of a member as last furnished by him "shall be considered as duly served."

It is strenuously insisted by counsel for appellee that cer-

tain of these by-laws of appellant are not applicable in determining the rights of the parties; that those only are enforceable against appellee which were in force when the deceased became a member in 1883. By section 11 of article 1, of those by-laws, it was the duty of the board of trustees to send by mail a copy of the printed statement required to be presented at each annual meeting, "together with any amendments or alterations of the by-laws made at that meeting," to the address of every member of the association, within thirty days after the annual meeting at which the same was presented. There is no evidence that any notice was ever sent the deceased of the adoption of the by-law which changed the time allowed for the payment of an assessment upon notice from fifteen to twenty-five days, and upon failure to pay at the expiration of the latter date subjected the member to a penalty of twenty-five cents additional, requiring also that he be served with a second notice, allowing not less than ten additional days for payment. That the association, after reincorporation, had the power, under its charter, to re-enact such new by-law, and to repeal the old one, must, we think, be conceded. Originally, this amendment was made in 1888, before reincorporation.

The question is whether appellant was not obliged to send notice to all its members of such change or amendment. We can not agree with appellee's counsel that the deceased was not bound by the amended by-laws enacted after reincorporation, provided he had notice of them. The act under which reincorporation was had expressly authorized the directors to make new by-laws. It is true, also, as contended by appellant, that the amendment might be advantageous to the member. Instead of subjecting him to liability of forfeiture upon a single notice, where payment of an assessment was not made within fifteen days, or thirty days, if the trustees chose to extend the time, it gave him two notices and not less than thirty-five days, although subjecting him to a penalty of twenty-five cents extra. But it was part of the contract that no amendments

should be made except with the previous notice required by the by-laws then in force; and when by the act under which reincorporation was had the directors were empowered to make new by-laws, and repeal the old, the contract of which said former by-laws were a part still entitled the deceased to notice of all such amendments and alterations. In case such notice had been shown, his subsequent acquiescence would, under the facts in evidence, be presumed. In Farmers' Fire Insurance Company v. Knight, 162 Ill. 470 (480) it is said, quoting from Rosenberger v. Washington Fire Insurance Company, 87 Pa. 208, that the corporate rights of a member "may be subject to the control of the corporation, but his rights as a party insured rest on the contract. Assurer and assured alike are bound by the charter, and neither can do what it does not authorize, nor can either change a by-law so as to modify the contract without the other's consent." There is no evidence in the case before us of consent or acquiescence of the deceased in a change in the by-laws without notice to him, and he had a right to rely upon notice at least.

There is no evidence that the deceased had ever before failed to respond to a notice of assessment. He was in the habit of keeping a balance with appellant more than sufficient to meet his obligations in this respect as they arose. There was still a small balance to his credit on this account. Why he did not remit upon receipt of the first notice does not appear; but he apparently did not anticipate that he would be deprived of the insurance he had so carefully protected for fourteen years. That notice contained no suggestion that failure to pay within the time therein limited would affect his membership; and purporting on its face to be only a "first notice," it indicated that if not acted upon, a second notice might be expected to follow. There is no evidence, except such presumption as arises from the testimony introduced to prove mailing, that he ever received the second notice. If he did, it informed him that a failure to pay within ten days from its date would cause his membership to lapse. But it contained also a demand for twenty-five

cents additional over and above the amount of the assessment. He might very reasonably hesitate to pay a demand of this character, of which he had not been previously advised, and there is no evidence that he had ever been notified of the by-law imposing such penalty.

In the absence of notice of a change in the by-laws and of the new by-law authorizing the imposition of the penalty, the deceased was not bound to pay the amount called for. The burden of showing such notice rested upon appellant, and it has failed so to do. As the deceased was not bound to pay the extra twenty-five cents demanded by the second notice without knowledge of the authority justifying its collection, a forfeiture for failing to pay the amount called for within the time limited, would not *ipso facto* result. He died suddenly three days after the expiration of the time allowed for payment under the second notice. No action declaratory of forfeiture had been taken. Such forfeiture can rest only upon strict legal right, and it must abide inflexibly the terms of the contract. See Order of Chosen Friends v. Austerlitz, 75 Ill. App. 74 (87); Met. Acc. Assn. v. Windover, 137 Ill. 417 (432).

Our attention is called by the briefs to other controverted questions both of law and fact. But in view of the foregoing conclusion, we do not deem it necessary to extend the discussion.

The judgment of the Circuit Court will be affirmed.