ST. LOUIS, B. & M. RY. CO. v. HAMILTON.

(Court of Civil Appeals of Texas. Galveston. Jan. 27, 1914. Rehearing Denied Feb. 19, 1914.)

1. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR—NECESSITY.

Fundamental errors, such as that the petition is fatally defective, and will not support a recovery, and that the citation does not authorize a default judgment, will be considered without assignments of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

2. PLEADING (§ 34*)—SUFFICIENCY OF PETITION—OBJECTION ON APPEAL.

In determining on appeal whether the petition was so fundamentally defective in its allegations as to damages as to be insufficient to support any recovery, the petition will be held good if it was good as against general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.*]

3. WATERS AND WATER COURSES (§ 179*)—FLOWAGE—PLEADINGS—SUFFICIENCY.

In an action for damages for flowing plaintiff's land, a petition alleging that defendant, by reason of the negligent construction of its roadbed, overflowed plaintiff's land, injuring his growing crops in the sums of $325, $360, and $45, respectively, referring to the different portions of the property destroyed, and concluding generally with a prayer for damages, is sufficient as against general demurrer; defendant,

if desiring a more specific statement, being bound to specially except to the petition.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 244–250, 256–259, 263, 264; Dec. Dig. § 179.*]

4. PROCESS (§ 37*)—CITATION—SUFFICIENCY.

A citation dated and signed by the clerk officially with the seal of the court is sufficiently attested without using the precise word "tested," under Rev. Civ. St. 1911, art. 2180, providing that every writ and process shall be dated and attested by the clerk with the seal of the court.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 32; Dec. Dig. § 37.*]

5. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR—NECESSITY—FUNDAMENTAL ERRORS—WHAT CONSTITUTES.

A claim that a verdict for damages for the overflowing of farm lands was not supported by the evidence cannot be assigned as fundamental error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

Appeal from District Court, Jackson County; John M. Green, Judge.

Action by J. H. Hamilton against the St. Louis, Brownsville & Mexico Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Claude Pollard, R. W. Stayton, and Z. V. Nixon, all of Kingsville, for appellant. McCrory & Vance, of Edna, for appellee.

REESE, J. [1] J. H. Hamilton instituted this action in the district court of Jackson county against the St. Louis, Brownsville & Mexico Railway Company to recover damages, alleged to be, in the aggregate, $730, for destruction of and injury to his growing crops from overflow alleged to have been proximately caused by the negligent construction of defendant's roadbed, bridges, culverts, etc. Defendant was duly served with process, but failed to appear and answer, and default was taken. A trial was had without a jury, resulting in judgment final for plaintiff for $675. Defendant moved the court to set aside the default, and for a new trial, which was overruled, and it appeals.

There are no assignments of error; but appellant has presented what are alleged to be fundamental errors, upon which it prays that the judgment be reversed. With one exception, which will be noted, all of the errors so presented, if errors at all, are fundamental, and require consideration. The errors so presented are, first, that in the allegations as to the amount of damages claimed the petition is fatally defective, and does not authorize the recovery of any damages, and, second, the citation is defective, and did not authorize the default judgment. These objections are presented by several assignments of error, which need not be separately discussed.

[2, 3] After stating the condition of the crops and the destruction of some portions of them and injury to others, the allegation

as to damages is "to plaintiff's damage in the sums of $325, * * * $360, and $45," respectively, referring to the different portions of the crops injured or destroyed, and concluding generally with a prayer for his damages. The proposition stated is that "the damages recoverable for injury to and destruction of growing crops by overflow being determined by the market value of the yield that such crops would have made at maturity, less cost of raising and marketing them, and (as to those merely injured) less the market value of the yield that such crops did actually make, it is necessary in a suit for damages to allege facts showing that, but for such overflow, plaintiff at the maturity of the crops would have gotten more yield than he actually did." It is only necessary to determine whether the petition in this particular was sufficient on general demurrer. We think it was. Under the general allegation that, by reason of the facts stated, plaintiff sustained damages to the amount stated, he would have had the right to establish the facts upon which whatever general damages were legally recoverable were based. If defendant desired a more specific statement as to these grounds, it should have specially excepted to the petition on this ground. Erie Tel. Co. v. Grimes, 82 Tex. 94, 17 S. W. 831; Kolb v. Bankhead, 18 Tex. 228; San Antonio v. Pizzini, 58 S. W. 635; Denison & S. P. Suburban Ry. Co. v. Smith, 19 Tex. Civ. App. 114, 47 S. W. 279. T. & P. Ry. Co. v. Bayliss, 62 Tex. 571, and Lumpkin v. Blewitt, 111 S. W. 1072, cited by appellant are not in point. In each of these cases there was no general allegation as to the amount of the damages; but the plaintiff undertook to set out the specific facts as to the measure of damages, but did so incorrectly. From the facts thus stated, the court could not have determined the damages legally recoverable. The petition was sufficient on general demurrer, and all of the assignments of error presenting this objection must be overruled.

[4] None of the objections set out in the several assignments attacking the citation are good. The citation was dated and signed by the clerk officially with the seal of the court. This was a sufficient attestation without using the precise word "tested." Article 2180. The apparent defect in the citation as copied in the original record that the date of issuance was not shown, in accordance with the requirement of article 2180 that "the date of its issuance shall be noted on same," was corrected by copy of the citation, sent up under certiorari to perfect the record, by which a full compliance with the statute was shown.

[5] The sixth assignment complains of a finding of fact of the trial court as to the damages to the grass overflowed, on the ground that it is not supported by the evidence. If error at all, this was not "error apparent of record," and the assignment as fundamental error cannot be considered. We have, however, examined the evidence on this point, and find that the objection made is not tenable. It is not, in fact, clear that any damages on account of the injury to the grass was included in the judgment.

We have examined each of the assignments of error and the propositions thereunder, and conclude that none of them can be sustained. The judgment is therefore affirmed.

Affirmed.