## FORT WORTH MUT. BENEV. ASS'N OF TEXAS v. GOLDEN. (No. 391.)

(Court of Civil Appeals of Texas. Waco. Oct. 14, 1926.)

1. Pleading ⬅️34(7).

In determining on appeal whether petition is so fundamentally defective as to be insufficient, petition will be held good if it would have been good against general demurrer.

2. Pleading ⬅️34(7).

In determining on appeal whether petition was so fundamentally defective as to be insufficient, every presumption must be indulged that could have been indulged in favor of petition in trial court.

3. Insurance ⬅️815(1).

Petition to recover on fraternal beneficiary certificates *held* not defective for failure to allege loss of eye from accidental means, in view of allegation of liability in event of loss of eye by accidental means or otherwise.

4. Insurance ⬅️815(1).

Petition for recovery on fraternal beneficiary certificates *held* not defective as against general demurrer, for failure to allege loss of eye by accidental means, in view of allegation that surgeon unintentionally cut ball during operation.

5. Insurance ⬅️815(1).

Assured, in suing on fraternal beneficiary certificates, need not allege number of members in good standing nor that assessment would have produced sufficient funds to pay policies; such being matters of defense.

6. Judgment ⬅️106(2).

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1934–1936, 1938, 1939, judgment by default *held* properly rendered on July 7, where term of court began on July 6 and service was returnable to such term, in absence of answer or showing that cause was set for other time.

7. Pleading ⬅️307.

Where petition for recovery on fraternal beneficiary certificates was sufficient as against general demurrer without policies being attached, petition will not be held insufficient for failure to attach policies after reference thereto as exhibits.

8. Trial ⬅️396(4).

Findings of fact that loss of eye was due to accidental means *held* not at variance with allegations of petition for recovery on fraternal beneficiary certificates, alleging loss resulted from unintentional cutting of ball during operation.

Error from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by H. E. Golden against the Fort Worth Mutual Benevolent Association of Texas. Judgment for plaintiff, and defendant brings error. Affirmed.

Marvin Roberson, of Fort Worth, for plaintiff in error.

R. M. Tilley, of Corsicana, for defendant in error.

STANFORD, J. Suit by H. E. Golden, defendant in error, against plaintiff in error, to recover on six fraternal beneficiary certificates held by him in said Fort Worth Mutual Benevolent Association of Texas for the

loss of an eye. Service was duly had for the July, 1925, term of said court, which began on Monday, July 6, 1925. On appearance day, July 7, 1925, said case was called for trial and tried, and judgment entered for H. E. Golden. Said company filed no answer and entered no appearance. On July 17, 1925, said company filed its petition for writ of error, writ of error bond, citation in error, etc., and on July 20, 1925, filed in the trial court its assignments of error..

### Opinion.

[1, 2] Plaintiff in error, under its first, second, third, and fourth assignments, contends that the pleadings of defendant in error are insufficient to support the judgment rendered, and constitute no basis for such judgment, in that it does not allege the loss of the eye from accidental means, and so is fundamentally erroneous. Plaintiff in error in this case, although duly cited to appear and answer, wholly failed to appear and file any kind of pleading. Its assertion of such fundamental error here is, in effect, a general demurrer to the sufficiency of the petition of defendant in error to support the judgment rendered, and made for the first time in this court. The rule seems to be well settled that, in determining on appeal whether the petition was so fundamentally defective in its allegations as to be insufficient to support a recovery, the petition will be held good if it was good as against a general demurrer, if one had been presented in the trial court. It is also true that every reasonable intendment and presumption that could have been indulged in favor of the petition in the court below must be indulged here. St. Louis B. & M. Railway Co. v. Hamilton (Tex. Civ. App.) 163 S. W. 666; Lipscomb v. Lumber Co. (Tex. Civ. App.) 217 S. W. 228; El Paso & S. W. Ry. Co. v. Hall (Tex. Civ. App.) 156 S. W. 356; Tiefel Bros. v. Maxwell (Tex. Civ. App.) 154 S. W. 319; Houston Tire Co. v. Hankins (Tex. Civ. App.) 200 S. W. 237; Cleveland Bank v. Turner (Tex. Civ. App.) 278 S. W. 1109.

[3–5] This suit was based on six benefit certificates issued by plaintiff in error for the loss of an eye. The only defect claimed by plaintiff in error to exist in the petition is that it does not allege the loss of the eye resulted from accidental means. As to four of said policies, the petition alleged, in substance, that under the terms and provisions of said policies defendant became bound and obligated to pay plaintiff in the event of the loss of an eye, either by accidental means or otherwise, just so the eye was lost, the following amounts, etc. As to the other two policies, the petition alleged, in substance, that these two policies as originally issued protected him against the loss of an eye from any source, whether accidental or not, and that said two original policies, by the fraudulent acts and conduct of plaintiff, and without his knowledge or consent, were substituted by two new policies that required that said loss result from accidental means. As to all of said policies the petition alleged, in substance, that plaintiff had a cataract on one of his eyes, and an operation was performed to remove said cataract, and by virtue of said operation, and by virtue of the manner in which the operation was performed, plaintiff lost said eye, and that same was lost by accidental means. There can be no doubt but that the petition was good and not even subject to special exception as to four of the certificates. The other count in the petition, in reference to all six certificates, alleging plaintiff had a cataract on his eye, and an operation was performed to remove said cataract, and that by virtue of said operation and by virtue of the manner in which the operation was performed, plaintiff lost his eye by accidental means, might have been subject to special exception, but not subject to a general demurrer.

As against a general demurrer, this clause of the pleading should be construed most favorably to sustain its sufficiency, and, so construing it, it evidently means just what the evidence showed and what the court found—that the surgeon, in performing the operation, unintentionally cut the ball of the eye or some membrane or part connected with the eye, causing its loss. Although such contention is not made by plaintiff in error, still it might appear upon first consideration that said petition was subject to general demurrer because defendant in error did not allege the number of members in each class in good standing, nor that an assessment would have produced sufficient funds to pay the policies in full, etc. It was the duty of the corporation, by and through its proper officers and agents, to make an assessment on its members in good standing in the respective classes for the benefit of the assured. The number, the names, and the post office address of all members in good standing in each of the respective classes were in the possession of the corporation, and were matters peculiarly and exclusively in the possession and knowledge of the corporation, its officers and agents, and were matters not accessible to the assured, and matters about which he was necessarily unadvised, and the corporation alone had charge of laying assessments, and it, better than any one else, had knowledge of what amount of money an assessment on each of its members in each of the respective classes would produce. If there were facts known to the corporation which indicated a probability that, if an assessment had been made, as provided for in the contracts, all the members liable to contribute would not have paid said assessments, then it should have alleged such facts in an answer and established them by evidence. If the circumstances were such that an as-

sessment would not have realized a sufficient amount to satisfy the claims of the assured in full, this was a matter of defense that should have been set up by plaintiff in error in an answer and proven at the hearing.

While the decisions are not harmonious on the question here discussed, this is the rule adopted by the appellate courts of Texas, and the writer thinks is supported by the better reason and the weight of authority in other jurisdictions. Supreme Council, etc., v. Mamie Anderson, 61 Tex. 296; International Order of Twelve of the Knights & Daughters of Tabor v. Boswell et al. (Tex. Civ. App.) 48 S. W. 1108; Merchants' Insurance Co. v. Arnold et al. (Tex. Civ. App.) 32 S. W. 579; Covenant Mutual Life Ass'n v. Kentner, 188 Ill. 431, 58 N. E. 966; Supreme Lodge, K. of P., v. Knight, 117 Ind. 489, 20 N. E. 479, 3 L. R. A. 409; Great Western, etc., v. Colmar, 7 Colo. App. 275, 43 P. 159; Thornburg v. Farmers' Life Ass'n, 122 Iowa, 260, 98 N. W. 105; Union Mutual, etc., v. Frohard, 134 Ill. 228, 25 N. E. 642, 10 L. R. A. 383, 23 Am. St. Rep. 664; Hall v. Scottish Rite, etc., 6 Ohio Cir. Ct. R. 141, 3 O. C. D. 384; Rose's Notes, vol. 3, p. 164; Silvers v. Michigan Mut., etc., 94 Mich. 39, 53 N. W. 935; Hicks v. Northwestern Aid Ass'n, 117 Tenn. 203, 96 S. W. 962; Lawler v. Murphy, 58 Conn. 294, 20 A. 457, 8 L. R. A. 113; Metropolitan, etc., v. Windover, 137 Ill. 417, 27 N. E. 538; Elkhart Mutual Ben. v. Houghton, 103 Ind. 286, 2 N. E. 763, 53 Am. Rep. 514; 28 Century Digest, p. 3195, § 2013; 33 Corpus Juris, p. 90, § 804. It will be observed that, in a number of cases from other states, the Anderson Case by our Supreme Court is cited and approved and construed as we construe it. So it was not necessary in this case for the assured to allege or prove the number of members in good standing in the respective classes, nor that an assessment would have produced sufficient funds to pay the policies in full, etc., for these were matters of defense, to be availed of by the insurance company to reduce the amount of recovery if it could do so. The petition was sufficient as against a general demurrer. Higby v. Kirksey (Tex. Civ. App.) 163 S. W. 315; Ferguson v. Rhoades Drilling Co. (Tex. Civ. App.) 271 S. W. 155. We overrule these assignments.

[6] Under its sixth assignment, plaintiff in error contends the case was set for trial on July 17th, and the court erred in rendering judgment by default on July 7th, etc. The July term of said court began on July 6th. Service was had in this cause returnable to the July term. Said cause was called on the appearance day, July 7th. No answer having been filed by plaintiff in error, the cause proceeded to trial, and judgment was rendered against plaintiff in error. No motion was filed to set aside said judgment. There is no statement of facts in the record. The record fails to show any answer filed

at any time. It is not made to appear by bill of exception, statement of facts, or in any other instrument that we are authorized to consider, that said cause was set for July 17th, or any other date, and this being true, it was subject to call for trial on July 7th. Articles 1934, 1935, 1936, 1938, and 1939, Vernon's Sayles' Statutes. This assignment is overruled.

[7] In its seventh and eighth assignments, the contention is made that defendant in error's petition is insufficient because said pleading referred to the policies sued upon as exhibits, which were alleged to be made a part of his petition for every purpose and attached to same, when in truth they were not attached, etc. There is no merit in this contention. As we have held above that the petition without said policies attached was not subject to general demurrer, it necessarily follows that failure to attach said policies did not amount to such error. These assignments are overruled.

[8] Under its ninth and tenth assignments, plaintiff in error contends the findings of fact as contained in the court's judgment are at variance and contrary to the allegations of plaintiff's petition, in that the court found the loss of the eye was due to accidental means, and plaintiff alleged it was due to the negligence of the surgeon in performing the operation. As pointed out in our disposition of the first assignment, the pleading was, in effect, the loss of the eye resulted from accidental means, the unintentional cutting by the surgeon of the eye, or parts connected with the eye, resulting in its loss, the same, in effect, as found by the trial court, to wit, that the loss was due to accidental means; also there is the allegation that the loss of the eye was due to accidental means.

We have considered all of the assignments of plaintiff, and finding no reversible error, overrule same, and affirm the judgment of the trial court.